other course available to the trial court than a dismissal of the appeal for lack of proof.

Section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the statute in effect at the time the importation at bar was made, provided in part as follows:

* * * Every such appeal [for reappraisement] shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing. * * *

A similar provision is presently contained in 28 U. S. C. section 2631.

The plain intendment of the provision for judicial review of the action of the appraiser is that the single judge sitting in reappraisement shall affirmatively determine the value of the imported merchandise, notwithstanding any invalidity in the original appraisement. He does not fulfill his statutory function in a reappraisement proceeding, unless, and until, such value is declared, and he cannot avoid the duty thus imposed upon him by law, by the expedient of a dismissal of the appeal for reappraisement for lack of proof. The duty to determine the value of the merchandise devolves upon the trial judge even though no evidence was submitted at the trial. *United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd.*, *Inc., et al.*, 32 C. C. P. A. (Customs) 62, C. A. D. 286. It is absolute and imperative, and does not permit the oblique affirmance of the values returned by the appraiser through the medium of a dismissal of the appeal for reappraisement.

Under the circumstances of there having been no finding of value in the first instance by the single judge in this case, we are of the opinion that the appropriate procedure is to reverse the judgment and remand the case to the trial court to the end that a value be found for each style of the imported cribbage boards. *Florea & Co., Inc.* v. *United States*, 34 C. C. P. A. (Customs) 26, C. A. D. 339. Judgment will therefore be entered in accordance with the views herein expressed.

**REHEARING MOTION DENIED**

NOVEMBER 27, 1953

**A. R. D. 34.—**—*West End Auto Wrecking Co., Inc.* v. *United States.* A. R. D. 31. Motion by appellant.